Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LAS NENAS REALTY CORPORATION<br><br>Recurrida<br><br>v.<br><br>SALEEM SABA SAAB POR SÍ Y EN REP. DE LA SLG COMP. CON JENNIFER D. SAAB Y OTROS<br><br>Peticionarios | TA2026CE00436 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV03257<br><br>Sobre: Cobro de Dinero e Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece Saleem Saba Saab, Jennifer Dawn Saab y la sociedad legal de gananciales compuesta por ambos (en adelante, parte peticionaria), mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Resolución interlocutoria* emitida el 10 de marzo de 2026 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* una *Moción solicitando relevo de sentencia por falta de jurisdicción* incoada por la parte peticionaria.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari.*

I

El caso de marras tuvo sus inicios cuando, el 20 de junio de 2025, Las Nenas Reality Corporation (en adelante, parte recurrida) interpuso una *Demanda* contra la parte peticionaria, sobre cobro de dinero e incumplimiento de contrato.[1]

---

[1] SUMAC TPI, a la Entrada Núm. 1.

Así las cosas, el 30 de julio de 2025, la parte recurrida presentó una *Solicitud de expedición de emplazamiento por edicto.*[2] Mediante este escrito, alegó que, pese a todas las gestiones realizadas para lograr el emplazamiento de la parte peticionaria, ello no fue posible. Acompañó la solicitud con una declaración jurada del emplazador, José Daniel Morales Colón, en la cual relató todas las gestiones realizadas para lograr emplazar a la referida parte. A tenor, peticionó autorización para emplazar mediante edicto a la parte peticionaria.

Examinada la solicitud, mediante *Orden* del 8 de agosto de 2025, el tribunal de instancia la declaró *Con Lugar.*[3] A su vez, ordenó a que se efectuara la publicación del edicto y se notificara a la última dirección conocida de la parte peticionaria. Ese mismo día, se expidieron los emplazamientos por edicto.[4]

Pasado un tiempo, el 2 de septiembre de 2025, la parte recurrida presentó una *Moción informativa sobre publicación y notificación de emplazamiento por edicto.*[5] Adjuntó a la moción los siguientes tres (3) documentos: (i) declaraciones juradas del agente autorizado del periódico del Primera Hora; (ii) el ejemplar del edicto publicado el 13 de agosto de 2025, y (ii) notificaciones enviadas, el 13 de agosto de 2025, mediante correo certificado, a las últimas direcciones conocidas de la parte peticionaria. Así, pues, solicitó que se diese por cumplida la *Orden* del 8 de agosto de 2025, con relación a la publicación y notificación del edicto.

Evaluado lo anterior, mediante *Orden*, emitida y notificada ese mismo 2 de septiembre, el foro de instancia ordenó a que se uniese al expediente la acreditación del diligenciamiento del emplazamiento por edicto.[6]

---

[2] SUMAC TPI, a la Entrada Núm. 4.
[3] *Íd.*, a la Entrada Núm. 5.
[4] *Íd.*, a la Entrada Núm. 6.
[5] *Íd.*, a la Entrada Núm. 8.
[6] *Íd.*, a la Entrada Núm. 9.

Subsiguientemente, el 15 de septiembre de 2025, la parte recurrida presentó *Moción solicitando anotación de rebeldía.*[7] En esta, acotó que la parte peticionaria había sido debidamente emplazada el 13 de agosto de 2025, sin embargo, vencido el término de treinta (30) días para presentar su contestación a la *Demanda,* esta no había comparecido ni presentado su alegación responsiva. A tenor, peticionó que se le anotara la rebeldía a la referida parte y se dictara sentencia en rebeldía según las alegaciones de la demanda, con cualquier otro remedio que procediera. Mediante *Orden* del 22 de septiembre de 2025, se le anotó la rebeldía a la referida a la parte peticionaria.[8]

Tras varias instancias procesales innecesarias pormenorizar, el 8 de enero de 2026, el foro primario dicto *Sentencia* en rebeldía, condenando a la parte peticionaria al pago de las cantidades reclamadas por la parte recurrida, así como a un pago por concepto de honorarios de abogado a favor de esta última.[9] Ese mismo día, el tribunal de instancia expidió la *Notificación de sentencia por edicto.*[10]

Así las cosas, el 19 de enero de 2026, la parte peticionaria mediante moción, acreditó haber publicado el edicto de la sentencia el 12 de enero de 2026, así como haber notificado la sentencia por edicto mediante correo certificado.[11] Acompañó la sentencia con la declaración jurada del agente del periódico Primera Hora, copia del edicto publicado y las boletas de correo certificado.[12] A través de una *Orden* del 30 de enero de 2026, el tribunal ordenó unir al expediente la moción informado publicación de sentencia por edicto.[13]

A casi dos (2) meses de haberse publicado la sentencia por edicto, el 3 de marzo de 2026, la parte peticionaria presentó una

---

[7] SUMAC TPI, a la Entrada Núm. 10.
[8] *Íd.,* a la Entrada Núm. 11.
[9] *Íd.,* a la Entrada Núm. 14.
[10] *Íd.,* a la Entrada Núm. 15.
[11] *Íd.,* a la Entrada Núm. 16.
[12] *Íd.,* a la Entrada Núm. 16, Anejos 1 y 2.
[13] *Íd.,* a la Entrada Núm. 17.

*Moción solicitando relevo de sentencia por falta de jurisdicción.*[14] Esencialmente, arguyó que el emplazamiento por edicto fue defectuoso, puesto a que las diligencias realizadas por el emplazador no fueron suficientes para garantizar que se tuviera conocimiento de la *Demanda* presentada en su contra. Siendo así, planteó que toda acción posterior al emplazamiento se encontraba viciada de nulidad.

En reacción, el 10 de marzo de 2026, la parte recurrida presentó *Oposición a relevo de sentencia.* Por su parte, arguyó que las diligencias efectuadas por el emplazador para localizar a la parte peticionaria fueron suficientes. Destacó que este, incluso, logró intercambiar mensajes de textos con la referida parte. A tenor, peticionó que se declara sin lugar la moción de relevo de sentencia.

Evaluados los escritos, el 10 de marzo de 2026, notificada al día siguiente, mediante *Resolución interlocutoria*, el tribunal declaró *No Ha Lugar* el relevo de sentencia solicitado por la parte peticionaria.[15]

Inconforme con el curso decisorio, el 10 de abril de 2026, la parte peticionaria acudió ante esta Curia mediante el presente recurso de *certiorari* en el cual esgrimió los errores siguientes:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE RELEVO DE SENTENCIA CUANDO, CLARAMENTE, EL EMPLAZADOR NO LLEVÓ A CABO LAS DILIGENCIAS QUE LA JURISPRUDENCIA EXIGE PREVIO A DAR PASO AL EMPLAZAMIENTO POR EDICTO Y CUANDO EL RELEVO DEL DICTAMEN ES EL REMEDIO ADECUADO EN TALES CIRCUNSTANCIAS VIOLATORIAS DEL DEBIDO PROCESO DE LEY[.]**
>
> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RELEVAR DE LA SENTENCIA AL CODEMANDADO, EL SEÑOR SALEEM SABA SAAB, CUANDO RESULTA EVIDENTE QUE EL EMPLAZADOR NO LLEVÓ [A] CABO LAS GESTIONES EXIGIDAS POR LA JURISPRUDENCIA PARA DAR CON SU PARADERO Y EMPLAZARLO DE CONFORMIDAD[.]**
>
> **TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RELEVAR DE LA SENTENCIA A LA**

---

[14] SUMAC TPI, a la Entrada Núm. 18.
[15] *Íd.*, a la Entrada Núm. 22.

**CODEMANDADA, LA SEÑORA JENNIFER DAWN SAAB, CUANDO ES PATENTE QUE EL EMPLAZADOR PASÓ POR ALTO REALIZAR DILIGENCIAS CONCRETAS Y PRECISAS PARA EMPLAZARLA DE CONFORMIDAD[.]**

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.[16] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

II

**A. Expedición del Recurso de *Certiorari***

Es norma harta conocida que el recurso de *certiorari* es el vehículo procesal adecuado para revisar una determinación interlocutoria emitida post sentencia.[17] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[18] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[19] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[20]

Específicamente, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[16] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[17] *Negrón García v. Srio. de Justicia*, 154 DPR 79, 95 (2001).
[18] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[19] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[20] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[21]

De otra parte, cabe destacar que el Tribunal Supremo de Puerto Rico ha establecido que un foro revisor no debe sustituir su criterio por la primera instancia judicial, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[22]

Por otro lado, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[23]

III

En el presente recurso, la parte peticionaria, mediante sus tres (3) señalamientos de error, muestra su inconformidad con la *Resolución interlocutoria* recurrida, mediante la cual el tribunal *a quo* declaró sin lugar su solicitud de relevo de sentencia. Sabido es que la Regla 49.2 (2) no limita el poder del tribunal para conceder un remedio a una parte que en realidad no haya sido emplazada.[24] Ahora bien, según expusimos en nuestra previa exposición

---

[21] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[22] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[23] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008)
[24] 32 LPRA Ap. V, R. 49.2.

doctrinal, la expedición de un recurso de *certiorari* tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[25]

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria y luego de una revisión de la totalidad del expediente ante nos, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones.[26] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por otro lado, entendemos que el dictamen recurrido no es patentemente erróneo, y que encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.
[26] *Íd.*